Citation Nr: 1702623 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 10-12 951 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Whether the April 2006 rating decision which granted a separate 10 percent evaluation for degenerative joint disease (DJD) of the left knee contained clear and unmistakable error (CUE) and whether severance on this basis was proper. 

2. Whether the April 2006 rating decision which granted a separate 10 percent evaluation for DJD of the right knee contained CUE and whether severance of service connection on this basis was proper.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Michael Sanford, Associate Counsel

INTRODUCTION

The Veteran served on active duty from June 1986 to August 1990.

 This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama.

In a January 2015 decision, the Board denied restoration of separate 10 percent evaluations of for DJD of the bilateral knees, effective August 1, 2008. The Veteran appealed this determination to the U.S. Court of Appeals for Veterans Claims (Court). In a June 2016 order, the Court granted a Joint Motion, which had the effect of vacating the Board's January 2015 decision.


FINDINGS OF FACT

1. An April 2006 rating decision awarded service connection for DJD of the right and left knees and assigned separate 10 percent ratings under Diagnostic Codes (DCs) 5257-5003.

2. In a May 2008 rating decision, the RO severed service connection for DJD of the right and left knees, effective May 1, 2008, on the basis that the award of service connection for those disabilities contained CUE as the award of service connection constituted unlawful pyramiding.

3. The evidence of record does not show that the RO's award of service connection for DJD of the right and left knees contained CUE.


CONCLUSION OF LAW

As the April 2006 rating decision awarding service connection for DJD of the right and left knees and assigning separate 10 percent ratings under DCs 5257-5003 did not contain CUE, the severance of service connection for DJD of the right and left knees was not proper, and service connection is restored. 38 U.S.C.A. §§ 1110, 1131, 5107, 5109A (West 2014); 38 C.F.R. § 3.105, 3.303 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

To the extent the actions taken herein below are favorable to the appellant and considered a full grant of benefits requested with respect to the only issues on appeal, further discussion of the VCAA is not necessary at this time.

Merits

Here, as discussed in the Board's January 2015 decision, the Veteran filed a claim for an increased rating for his service-connected knee disabilities initially in June 2006. After looking at the evidence and past rating decisions in the file, the RO issued a decision on the basis of CUE proposing to sever service connection for the Veteran's left and right knee degenerative joint disease in February 2007. The RO severed service connection for left and right knee DJD in a May 2008 rating decision. 

In light of the points raised in the June 2016 Joint Motion, the RO's action essentially severed service connection for right and left knee DJD. The February 2007 rating decision stated that it was proposing to sever service connection for those disabilities. Likewise, the May 2008 rating decision, which is the subject of the present appeal, noted that service connection was severed for those disabilities. Given the RO's characterization of its actions, as well as the higher standard upon which severance claims are held to, in contrast to reduction claims, the Board concludes that service connection for DJD of the left and right knees was severed. 

Once service connection has been granted, it can be severed only where the evidence establishes that the grant is clearly and unmistakably erroneous (the burden being on the Government), and only where certain procedural safeguards have been met. Stallworth v. Nicholson, 20 Vet. App. 482, 487 (2006); Daniels v. Gober, 10 Vet. App. 474, 478 (1997). Severance of service connection based on any standard less than that set forth in 38 C.F.R. 3.105(d) is erroneous as a matter of law. Stallworth, 20 Vet. App. at 488; Graves v. Brown, 6 Vet. App. 166, 170 (1994). As discussed below, the Board concludes that severance was not appropriate on substantive grounds, any error in following severance procedure is moot.

Service connection will be severed only where evidence establishes that the grant of service connection was clearly and unmistakably erroneous. 38 C.F.R. § 3.105(d). CUE is a very specific and rare kind of error. It is the kind of error, of fact or of law, that, when called to the attention of reviewers, compels the conclusion, to which reasonable minds could not differ, that the results would be manifestly different but for the error. See Fugo v. Brown, 6 Vet. App. 40, 43 (1993). To warrant revision of a decision on the ground of CUE in a severance of service connection case, there must have been an error in the adjudication of the appeal that, had it not been made, would have manifestly changed the outcome, i.e., whether, based on the current evidence of record, a grant of service connection would be clearly and unmistakably erroneous. Stallworth, 20 Vet. App. 482.

The same standards apply in a determination of CUE in a prior decision and a determination as to whether a decision granting service connection was the product of CUE for the purpose of severing service connection; however, for the latter case the reviewable evidence is not limited to that which was before the RO at the time of the challenged rating decision. See Daniels, 10 Vet. App. at 480; see also Allen v. Nicholson, 21 Vet. App. 54, 59 (2007). In fact, VA regulations provide that a change in diagnosis may be accepted as a basis for severance action if the examining physician or physicians or other proper medical authority certifies that, in the light of all accumulated evidence, the diagnosis on which service connection was predicated is clearly erroneous. 38 C.F.R. § 3.105(d). The severance decision focuses not on whether the original decision was clearly erroneous but on whether the current evidence establishes that service connection is clearly erroneous. Stallworth, 20 Vet. App. at 488.

As discussed in the January 2015 Board decision, separate ratings under DC 5260 (limitation of flexion) and DC 5257 (instability or subluxation) may be assigned for disability of the same joint. See VAOPGCPREC 9-04 (Sept. 17, 2004). However, pyramiding is impermissible and rating the same knee under DC 5260 and DC 5003 (pertaining to arthritis), which both pertain to limitation of motion would constitute impermissible pyramiding. See 38 C.F.R. § 4.14.

In this instance, at the time that service connection for DJD of the left and right knees was granted, the Veteran was service connected for retropatellar pain syndrome with quadriceps tendonitis of both the left and right knees, which were rated under DC 5260, pertaining to limitation of flexion. Subsequently, the RO awarded service connection for DJD of the right and left knees and assigned initial 10 percent ratings under DCs 5257-5003. Hyphenated diagnostic codes are used when a rating under one code requires use of an additional diagnostic code to identify the basis for the evaluation assigned. 38 C.F.R. § 4.27.

The Board cannot conclude that the RO's award of service connection for DJD of the left and right knees contained CUE. As discussed in the January 2015 Board decision, many pieces of evidence indicated that the Veteran did not experience subluxation or instability of either knee. However, as pointed out in the Joint Motion, there is also evidence that the Veteran did experience instability or subluxation prior to the severance of service connection and even thereafter. To that end, a July 2007 treatment record from Dr. K.W., M.D., notes a little toggling on valgus in both knees. Further, a May 2007 VA treatment record notes that an MRI indicated left knee instability. Finally, as discussed in the Joint Motion, there are subjective reports of instability within the Veteran's claims file.

Given the evidence of some subluxation or instability, the Board cannot definitively say that DJD was being rated based on limitation of motion under DC 5003 rather than based on instability or subluxation under DC 5257. As explained above, a rating under DC 5257 would be permissible while a rating under DC 5003 would not, as the Veteran was already being rated under DC 5260, which, like DC 5003, pertains to limitation of motion. Given the evidence of some knee instability, however, the Board cannot say that service connection for DJD of the right and left knees was clearly and unmistakably erroneous. While it is possible that the RO, when it awarded service connection, was rating DJD based on DC 5003 (while a rating under DC 5260 was in effect), the Board cannot say that the award of service connection was clearly and unmistakably erroneous. This is because there is some evidence of knee instability to support a rating under DC 5257, as opposed to DC 5003. In sum, the Board cannot conclude that the award of service connection for DJD of the left and right knees contained CUE. As such, restoration of service connection for DJD of the left and right knees is appropriate, effective August 1, 2008 (the date of severance of service connection).


ORDER

As there was no CUE warranting severance of service connection, restoration of a separate 10 percent evaluation for DJD of the right knee, effective August 1, 2008, is granted.

As there was no CUE warranting severance of service connection, restoration of a separate 10 percent evaluation for DJD of the left knee, effective August 1, 2008, is granted.




____________________________________________
Jonathan Hager
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs